UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA FORTUNE,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. EDCV 14-00220-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On February 11, 2014, Andrea Fortune ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and for Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on April 18, 2014. On July 8, 2014, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 44-year-old male who applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits on April 14, 2011. (AR 8.) In both applications, Plaintiff alleged disability beginning July 4, 2001. (AR 8.) The ALJ determined that Plaintiff engaged in substantial gainful activity during 2011.[1] However, there has been a continuous 12-month period during which Plaintiff did not engage in substantial gainful activity. (AR 10.)

Plaintiff's claims were denied initially on October 3, 2011 and on reconsideration on May 9, 2012. (AR 8.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Paul Coulter on February 1, 2013, in San Bernardino, California. (AR 8.) Claimant appeared and testified at the hearing and was represented by counsel. (AR 8.) Vocational expert ("VE") Sandra M. Fioretti also appeared and testified at the hearing. (AR 8.)

The ALJ issued an unfavorable decision on February 14, 2013. (AR 8-17.) The Appeals Council denied review on December 18, 2013. (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly considered the criteria of Listing 12.05.
2. Whether the ALJ properly considered the consultative examiner's opinion.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan,

---

[1] Claimant worked after the alleged disability onset date. Claimant testified he worked in 2011. Claimant's earnings record reflects $13,760.00 in 2011. The ALJ resolved this conflict in the light most favorable to Claimant. Accordingly, Claimant's application was not denied solely based on the first step of the sequential evaluation process. (AR 10.)

924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at

746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has engaged in substantial gainful activity during the year 2011. However, there has been a continuous 12-month period during which Claimant did not engage in substantial gainful activity. (AR 10.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: borderline intellectual functioning, learning disorder, anxiety disorder, depressive disorder, cognitive disorder and post-traumatic stress disorder. (AR 10-11.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 11-12.)

The ALJ then found that Plaintiff has the RFC to perform a full range of work at all exertional levels but with the following non-exertional limitations: non-public, simple and repetitive tasks. (AR 12-15.) In determining this RFC, the ALJ made an adverse credibility determination (AR 13) that is not challenged here.

At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a carpet layer as actually or generally performed. (AR 15.) The ALJ, however, also found that, considering Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including hand packager, industrial cleaner and machine feeder. (AR 15-16.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act, from July 4, 2001 through the date of the ALJ's decision. (AR 16-17.)

**DISCUSSION**

The ALJ properly determined at step three of the sequential process that Plaintiff does not have an impairment or combination of impairments that meets or equals a Listed Impairment, including Listing 12.05. The ALJ properly considered the medical

evidence. The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

## I. PLAINTIFF DOES NOT MEET OR EQUAL A LISTING

Plaintiff contends that the ALJ erred in not finding him disabled at step three of the sequential process because he meets the requirements of Listing 12.05. The Court disagrees.

### A. Relevant Federal Law

Social Security regulations provide that a claimant is disabled if he or she meets or medically equals a listed impairment. Section 416.920(a)(4)(iii) ("If you have an impairment that meets or equals one of our listings . . . we will find that you are disabled"); Section 416.920(d) ("If you have an impairment(s) which . . . is listed in Appendix 1 or is equal to a listed impairment(s), we will find you disabled without considering your age, education, and work experience"). In other words, if a claimant meets or equals a listing, he or she will be found disabled at this step "without further inquiry." Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999). There is no need for the ALJ to complete steps four and five of the sequential process. Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir. 2001).

The listings in Appendix 1 describe specific impairments considered "severe enough to prevent an individual from doing gainful activity, regardless of his or her age, education, or work experience." Section 404.1525. An impairment that meets a listing must satisfy all the medical criteria required for that listing. Section 404.1525(c)(3); Sullivan v. Zebley, 493 U.S. 521, 530 (1990). An impairment cannot meet a listing based only on a diagnosis. Section 404.1525(d); Key v. Heckler, 754 F.2d 1545, 1549-50 (9th Cir. 1985).

Medical equivalence will be found if the impairment "is at least equal in severity and duration to the criteria of any listed impairment." (Section 404.1526(a)). Medical equivalence is based on symptoms, signs and laboratory findings, but not subjective symptoms. Section 404.1529(d)(3).

**B. Analysis**

On September 14, 2011, Dr. Douglas Larson, a licensed psychologist, conducted a complete consulting examination of Claimant. (AR 14, 261-266.) Findings from the mental status examination indicated Plaintiff's thought processes were mildly slowed but Claimant was generally coherent and organized. (AR 14, 263.) Test results showed Claimant's IQ and memory were in the deficient to borderline range. (AR 14, 264-265.) Dr. Larson diagnosed Plaintiff with cognitive disorder, not otherwise specified; learning disorder, not otherwise specified; PTSD and borderline intellectual functioning. (AR 14, 265.)

Plaintiff contends that he meets or equals Listing 12.05 because he had a valid full scale IQ score of 57 and his intellectual disability commenced prior to the age of 22. Listing 12.05 provides as follows:

> 12.05 Intellectual Disability: intellectual disability refers to significantly subaverage general intellectual functioning with <u>deficits in adaptive functioning manifested during the developmental period</u>; i.e., the evidence demonstrates or supports onset of the impairment before age 22. The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> * * *
>
> B. A valid verbal, performance, or full scale IQ of 59 or less.

20 CFR Part 404, Subpart P, Appendix 1 (emphasis added).

IQ scores, however, are only part of the overall assessment and must be "consistent with the developmental history and the degree of functional limitation." Listing 12.00(D)(6)(a).[2] Numerous cases have found IQ scores not conclusive where

---

[2] The full text of Listing 12.00(D)(6)(a) is as follows:
The results of standardized intelligence may provide data that help verify the presence of mental retardation or organic mental disorder, as well as the extent of any compromise in cognitive functioning. However, since the results of intelligence tests are only part of the overall assessment, the narrative

7

inconsistent with a claimant's level of functioning. In <u>Brooks v. Barnhart</u>, 167 Fed. Appx. 598, 599-600 (9th Cir. 2006), the relevant doctor's report failed to make the required assessment and the claimant's IQ score of 59 was not consistent with the claimant's educational, occupational and functional limitations in that he graduated from a technical school and worked 17 years as a psychiatric technician. <u>See</u> <u>also</u> <u>Wild v. Chater</u>, 98 F.3d 1348*3 (9th Cir. 1996) (IQ scores not conclusive because of suspected malingering and lack of credibility): <u>Lowery v. Sullivan</u>, 979 F.2d 835, 837 (9th Cir. 1992) (IQ score not conclusive where inconsistent with claimant's daily activity and behavior); <u>Hickel v. Commissioner of Social Sec.</u>, 539 Fed. Appx. 980, 984-85 (9th Cir. 2013) (same; claimant was high school graduate and worked part-time).

Plaintiff here was administered the Wechsler Adult Scale of Intelligence Test and received a full scale IQ score of 57. (AR 264.) Plaintiff told Dr. Larson that he suffered a head injury resulting in a lengthy hospitalization around the age of six or seven. (AR 262.) Plaintiff also told Dr. Larson that he was in special education and dropped out of school in the 11th grade. (AR 262.) These statements were unsworn. The psychologist did not evaluate Claimant's test scores in light of his adaptive functioning. (AR 261-266.)

The ALJ found Claimant less than credible because of daily activities that include performing personal care unassisted, grocery shopping, doing household chores, using public transportation, watching television, playing games and shopping in stores. (AR 13-14.) The ALJ also found that Plaintiff worked as a carpet layer. (AR 13.) Indeed, the psychologist noted, "The Claimant worked most of his life and most recently as an in-home health care worker." (AR 262.) He testified at the hearing under oath that he graduated from high school, can read and write English, and laid carpet for two years. (AR 24-28.) The ALJ rejected the psychologist's functional assessments because of a lack of objective medical evidence, contradictions noted in his report of Plaintiff's work

---

report that accompanies the test result should comment on whether the IQ scores are considered valid and consistent with the developmental history and the degree of functional limitation.

8

and other activities and his lack of credibility, as discussed below. Plaintiff's own statements, his lack of credibility which significantly was not challenged here and the contradictory findings in the psychologist's report are substantial evidence that he does not have the requisite deficits in adaptive functioning to preclude all work. Plaintiff did not meet his burden to prove that he meets the requirements of Listing 12.05.

The ALJ's finding that Plaintiff does not meet or equal any listed impairment is supported by substantial evidence.

## II. THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE

Plaintiff contends that the ALJ erred in rejecting the opinion of the consulting examiner, Dr. Douglas Larson. The Court disagrees.

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by

medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B. Analysis**

Dr. Larson's assessments of Claimant's functioning included marked impairment in the ability to carry out complex instructions, moderate limitations in a number of workplace functions and mild limitation in completing simple instructions. (AR 14, 266.) The ALJ gave significant weight to the clinical findings of Dr. Larson but found the functional assessments unsupported by objective medical evidence. (AR 15.) An ALJ

10

may reject a physician's opinion, even a treating physician's opinion, if it is not supported by objective evidence. Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004). The ALJ noted that Claimant had no mental health treatment records. (AR 15.) Dr. Larson himself reported that Plaintiff had never been hospitalized, and was not on psychotropic medication. (AR 262.) The ALJ also noted that Dr. Larson's opinion is based on a single examination and may have been different if based on a longitudinal evaluation. (AR 15.) An ALJ is entitled to give little weight to an opinion based on a one-time examination without review of medical records as was the case there. Reddick v. Chater, 157 F.3d 715, 727 (9th Cir. 1998).

The ALJ discounted the credibility of Plaintiff's subjective symptoms (AR 14), a finding that Plaintiff does not challenge here. The ALJ found that Plaintiff could use public transportation, shop in stores and engage in social interactions necessary to perform these activities and to maintain employment. (AR 13-14.) Accordingly, the ALJ discounted Dr. Larson's report because he relied quite heavily on Claimant's report of subjective symptoms. An ALJ may disregard a medical opinion based to a large extent on a claimant's self-reports that have been discredited. Batson, 359 F.3d at 1195.

The ALJ also discounted Dr. Larson's opinion because Claimant was able to work as a carpet layer. (AR 15.) The ALJ found that Plaintiff could use public transportation, shop in stores and engage in social interactions necessary to perform these activities and to maintain employment. (AR 13-14.) Dr. Larson's own notes stating that the Claimant has worked most of his life (AR 262) contradicts his functional assessment. An ALJ may discount a physician's opinion contradicted by his own notes. Bayliss, 427 F.3d at 1216.

The ALJ also relied on the opinions of State medical consultants who concluded Plaintiff should be limited to non-public, simple and repetitive work. (AR 14.) The contradictory opinions of other physicians provide specific, legitimate reasons for rejecting a physician's opinion. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001).

Plaintiff argues that Dr. Larson's opinion was based not only on Plaintiff's subjective complaints but also on clinical observations and low scores on tests. Yet Dr. Larson's clinical observations were based on a one-time evaluation without medical records and undercut by contradictions in his own notes and Claimant's unreliable subjective reports. (AR 15.) Plaintiff, challenging the ALJ's rejection of Dr. Larson's opinion because it was based on a single examination, asserts the ALJ did not explain what further tests Dr. Larson could perform or that his findings would be different over a longer period of time. This argument does not change the fact that Dr. Larson's one-time opinion deserves less weight than a longitudinal evaluation, particularly here where there are numerous factors that diminish the reliability of Dr. Larson's opinion, such as the lack of medical records, Plaintiff's lack of credibility and Plaintiff's past work and daily activities.

Plaintiff disputes the ALJ's interpretation of the evidence regarding his mental impairments but the ALJ is the one responsible for resolving disputes in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the medical evidence is reasonable as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ discounted the opinion of Dr. Larson for specific, legitimate reasons supported by substantial evidence. The ALJ's RFC is supported by substantial evidence.

* * *

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

/ / /
/ / /
/ / /
/ / /
/ / /

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: October 16, 2014

          */s/ John E. McDermott*
          JOHN E. MCDERMOTT
          UNITED STATES MAGISTRATE JUDGE